In the Matter of HOLDFORTH, on HABEAS CORPUS.

In a suit to recover money received by a person as agent, he cannot be arrested without showing some fraudulent conduct on his part, or a demand on him by the principal, and a refusal by him to pay. An arrest in such case is prohibited by section 15, Art. 1, of the constitution.

*R. N. Morrison*, for the petitioner.

*John Chetwood*, contra.

*By the Court*, BENNETT, J. Holdforth was arrested in a civil action at the suit of one Cumlorey, upon an order founded on an affidavit, of which the following is a copy :—

In the matter of Holdforth, on *Habeas Corpus*.

"TUCKLER CUMLOREY *vs*. CHARLES G. HOLDFORTH.

" City and County of San Francisco, *ss :* Robert S. Watson
" being sworn, says, that he is the agent and attorney in fact of
" the above named plaintiff—That the above named defendant,
" in the month of April, 1850, sailed from the port of Hong
" Kong, in the empire of China, in the ship *Kelso*, bound for
" the port of San Francisco, having in his charge as the agent
" and factor of the plaintiff, a large amount of valuable mer-
" chandise belonging to the plaintiff, and by him placed in charge
" of the defendant for the purpose of sale in the market of San
" Francisco—That on or about the first of June, 1850, the said
" ship bringing with it the said defendant and the said merchan-
" dise of the plaintiff, arrived in the port of San Francisco—That
" shortly after his arrival the said defendant sold and disposed of
" the said merchandise of the plaintiff, received from the various
" purchasers thereof large sums of money, being the price paid
" by them therefor—That the said defendant has not paid over
" the said money so received by him as the agent of the plain-
" tiff to the said plaintiff, but retains the same to the great
" wrong and injury of the plaintiff.
" Sworn," &c.

The applicant claims that he is entitled to be discharged from
arrest, on the ground that the affidavit sets forth no state of
facts which would authorise an order of arrest. The affidavit
shows only the fact, that Holdforth, the agent of the plaintiff,
had received money in the capacity of agent, and had not paid
it over. No circumstances are disclosed from which the infer-
ence can be drawn, that the defendant was guilty of any fraud
either in procuring the merchandise, or in detaining the money
received on the sale. It is not even alleged that a demand had
been made, or that the defendant had refused to pay. The ques-
tion, then, is, whether, in a suit to recover money received by a
person as an agent, he can be arrested without any fraudulent
conduct on his part, without any demand on him by the princi-

pal, and without any refusal by him to pay. I think he cannot be arrested.

The plaintiff relies upon section 74 of the act of April 22, 1850, commonly called the Practice Act, which is as follows :—

" The defendant may be arrested as hereinafter described in " the following cases : First, in an action for money received, " or property embezzled, or fraudulently misapplied, by a public " officer, or by an attorney or counsellor, or by an officer or " agent of a corporation, in the course of his employment as " such, or by any *factor*, *agent*, broker, or other person in a " fiduciary capacity," &c.

According to the construction given by the plaintiff's counsel to this section, all that is necessary to be set forth to justify an order of arrest is, that the defendant received money as *agent*, and has not paid it over. I am inclined to agree with the counsel for the plaintiff in his construction of the statute, but I am not required to express a definite opinion on this point, inasmuch as, if that be the correct interpretation, then I am of the opinion that the statute covers a broader ground than the constitution will permit.

Section 15 of Article 1 of the constitution declares : " No per- " son shall be imprisoned for debt, in any civil action on *mesne* " or final process, *unless in cases of fraud ;* and no person shall " be imprisoned for a militia fine in time of peace."

The claim of the plaintiff was a *debt ;* the action was a civil action ; the process, on which the defendant was arrested, was *mesne* process ; and there is nothing whatever to show any fraud or suspicion of fraud on the part of the defendant. The section of the constitution above cited expressly prohibits an arrest in such a case, and the statute should, if possible, be construed so as not to conflict with the constitution ; and, if that be not possible, then the statute must yield to the superior authority of the organic law of the state. The defendant must be discharged.

Ordered accordingly.