[No. 4643.]

## JOHN THOMPSON *v.* ARTHUR THORNTON AND ISAAC STANLEY.

SWAMP AND OVERFLOWED LAND.— In order to render lands "swamp and overflowed," within the meaning of the Act of Congress of September 28, 1850, they must have been usually rendered unfit for successful cultivation prior to September 28, 1850, by reason of the overflow.

OBJECTION TO EVIDENCE.—The general objection to offered evidence, that it is incompetent and irrelevant, is not good if it is admissible for any purpose.

TOWNSHIP PLATS OF LAND AS EVIDENCE.—In a suit in ejectment between a plaintiff claiming the land as swamp and overflowed, purchased by him from the State, and a defendant claiming it under the United States, as dry land, the township plats from the land office are admissible in evidence on behalf of the plaintiff as tending to prove that the land had been surveyed, and that the title had vested in the State under the Act of Congress of July 23, 1866.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover State survey No. 577 of swamp and overflowed land, in the county of San Joaquin. The defendant claimed in his answer that, in 1862, the demanded premises were unsurveyed, and that he entered thereon as a pre-emptor, and that, in 1864, about July 1st, the plat of survey was filed; and that within ninety days thereafter he applied to the register to be allowed to pre-empt the land,

but that the register refused to allow him to do so, because on the map of the United States survey on file in his office, the land was designated as swamp and overflowed. That the land was dry land, and that he had been at all times ready and willing to pre-empt and make proof and pay for the land.

On the trial, the plaintiff offered in evidence the township plats of survey on which the land was designated as swamp and overflowed. The defendant objected to the testimony as incompetent and irrelevant. The court overruled the objection. The State of California sold the land as swamp and overflowed prior to 1865, and issued a patent to the plaintiff in 1865. The issue as to the character of the land was submitted to a jury, who found that the land was swamp and overflowed. The plaintiff recovered judgment in the District Court, and the defendant appealed.

The other facts are stated in the opinion.

*George W. Tyler,* for the Appellant.

The court erred in permitting plaintiffs to give in evidence the township plats, upon which the land is designated as swamp and overflowed land, as competent proof tending to establish the true character of the land. This testimony was clearly incompetent under the decisions of this Court. (*Kernan* v. *Griffith,* 31 Cal. 461; *Kernan* v. *Allen,* 33 Cal. 547; *Kernan* v. *Griffith,* 34 Cal. 584; 28 Cal. 603; 27 Cal. 87.)

The court erred in modifying the instruction as asked by defendant. As asked for by defendant, it laid down the law correctly (*Kernan* v. *Griffith,* 31 Cal. 461); but as modified, the instruction is erroneous, and it was calculated to mislead the jury.

*D. S. Terry,* for the Respondent.

The township plat on file in the United States Land Office was competent and relevant evidence to show the position of the land. (*Robinson* v. *Forrest,* 29 Cal. 325.) If it was admissible for any purpose, the general objection of the defendant was properly overruled; and he should, if he de-

sired to limit the effect of the evidence, have asked an instruction on the point. But as against the United States Government, or any one claiming under it, the survey was evidence of the character of the land. It was the work of the agent of the United States, whose duty it was to segregate the swamp lands granted to the State of California, from the public lands of the United States, and the fact that land is designated on the approved surveys as swamp and overflowed, has always been treated by the head of the Land Department as conclusive of its character as against the United States.

"In all cases where the plats and field notes represent the land as swamp, or subject to such overflow as to render them unfit for cultivation, they belong to the State, and will be so certified." (See Instructions of the Commissioner of General Land Office, 1 Lester's Land Laws, 560, and Decisions of Secretary of Interior, Id. 553 and 567.)

By the Court, RHODES, J.:

The evidence was sufficient to warrant the jury in finding that the land in controversy was swamp and overflowed land, within the meaning of the Act of Congress of the 28th of September, 1850.

The jury were instructed at the instance of the plaintiff that if the lands in controversy were, at the passage of the act of September 28, 1850, rendered unfit for cultivation, by reason of "periodical overflow at the season of sowing and harvesting," they passed to the State by the operation of that act. The court also gave, at the instance of the defendant, an instruction to the effect, that if the lands were not, by reason of the overflow, rendered unfit for cultivation "in a fair crop of potatoes, or corn, or barley, or buckwheat, or any other of the staple productions of the country," for the greater number of years prior to and including the year 1850, then the lands were not swamp and overflowed lands within the meaning of the Act of Congress of September 28, 1850; and in connection therewith gave this modification: "The fact that any of the staple productions above specified may be cultivated and raised on the land is

not all that is required, but whether such productions, or some of them, may be usually cultivated successfully, is a fact exclusively for your decision upon the evidence." The idea expressed by the modification is, that the land is not swamp and overflowed land, unless it was rendered unfit for successful cultivation by reason of the overflow, etc. This accords with our construction of the act of September 28, 1850. If the lands, by reason of the overflow, were usually rendered unfit for the successful cultivation of the staple crops, they are swamp and overflowed lands within the meaning of the act of Congress. (*Kernan* v. *Griffith*, 31 Cal. 461; *Kernan* v. *Allen*, 33 Cal. 542.)

The township plats were not offered in evidence to prove that the lands were in fact swamp and overflowed land, nor for any particular purpose expressed at the time of their introduction. The general objection on the ground that they were irrelevant and incompetent was not well taken. If they were admissible for any purpose, they were clearly admissible to prove that the lands had been surveyed by the United States, and as tending to prove that the title had vested in the State, under the provisions of the act of Congress of July 23, 1866.

The other points do not require any particular notice.

Judgment and order affirmed. Remittitur forthwith.

Neither Mr. Chief Justice Wallace nor Mr. Justice McKinstry expressed an opinion.