[No. 11198.    Department One. — July 21, 1886.]

S. L. RICHARDS ET AL., APPELLANTS, v. C. H. SHEAR ET AL., RESPONDENTS.

HOMESTEAD — MATERIAL-MEN CANNOT OBTAIN LIENS ON.—Under section 1241 of the Civil Code, one who furnishes materials for the construction of a building on real property after it has been impressed with a homestead cannot obtain a lien thereon for the materials furnished.

APPEAL from a judgment of the Superior Court of Sacramento County.

The action was brought to enforce the lien of a material-man. Judgment was rendered in favor of the defendants. The further facts are stated in the opinion of the court.

*Freeman, Johnson & Bates*, for Appellants.

*Armstrong & Hinkson*, for Respondents.

Ross, J.—It is sought in this case to charge the homestead of the defendants, who are husband and wife, with a lien for materials furnished by the plaintiffs to the husband to be used and which were used in the construction of a building thereon,—the materials having been furnished after the property had been impressed with the homestead character.

Sections 1240 and 1241 of our Civil Code read:—

"Sec. 1240. The homestead is exempt from execution or forced sale, except as in this title provided.

"Sec. 1241. The homestead is subject to execution or forced sale in satisfaction of judgments obtained,—

"1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises;

"2. On debts secured by mechanics', laborers', or vendors' liens upon the premises;

"3. On debts secured by mortgages on the premises, executed and acknowledged by the husband and wife, or by an unmarried claimant;

"4. On debts secured by mortgages upon the premises, executed and recorded before the declaration of homestead was filed for record."

It is said for the appellants that it was not the intent of the legislature to subject the homestead to execution or forced sale in satisfaction of judgments obtained on debts secured by the liens of mechanics and laborers who perform manual labor in and about the building, and withhold such privilege from the men who furnish the materials therefor. We can see great force in the suggestion of Mr. Thompson, in his work on Homesteads and Exemptions, sec. 312, that there is no difference in principle between a debt due to A, who has provided me with the land on which I have erected my building, and a debt due to B, who has furnished the materials to build it, and a debt due to C, whose labor has built it. But where the legislature has undertaken to deal with the subject, and has declared from what the homestead shall be exempt and with what it shall be charged, it only remains for the courts to give effect to its provisions. Admittedly, the language of the section of the code specifying in what instances the homestead shall be subject to execution and forced sale does not include the liens of material-men. The language is, in satisfaction of judgments " on debts secured by mechanics', laborers',

or vendors' liens upon the premises." The chapter of the Code of Civil Procedure which provides for liens of the nature of that claimed by the plaintiffs is headed "Liens of mechanics *and others* upon real property," and gives to "mechanics, material-men, contractors, subcontractors, artisans, architects, machinists, builders, miners, and all persons and laborers of every class performing labor upon or furnishing materials to be used in the construction," etc., a lien, etc. (Code Civ. Proc., sec. 1183.)

The section of the Civil Code first above cited does not provide that the homestead shall be subject to all the liens authorized to be created under the chapter. of the Code of Civil Procedure headed "Liens of mechanics and others," but subjects it only to two classes of those liens, to wit, "mechanics' and laborers'" liens. The latter terms no more include the liens of material-men than they do those of architects or contractors or subcontractors.

The findings sufficiently show that the property in question constitutes the homestead of the defendants. There is no presumption that it was so used as to defeat the object for which it was dedicated. (*Holden* v. *Pinney*, 6 Cal. 234.)

Judgment affirmed.

McKINSTRY, J., and MYRICK, J., concurred.