[No. 12079.   In Bank.—December 2, 1887.]

## WILLIAM ROACH et al., Appellants, *v.* RIVERSIDE WATER COMPANY, Respondent.

Lis Pendens — Filing of Notice — Subsequent Homesteader a Purchaser. — One who has acquired a homestead interest in real property subsequent to the filing of a notice of *lis pendens*, in an action affecting the title or the right of possession to the same, is a purchaser within the meaning of section 409 of the Code of Civil Procedure, and is deemed to have constructive notice of the pendency of the action.

Id. — Proceedings to Condemn Land. — Section 409 of the Code of Civil Procedure, providing for the filing of a notice of *lis pendens* in actions affecting the title or the right of possession of real property, is applicable to proceedings for the condemnation of land.

Appeal from a judgment of the Superior Court of San Bernardino County.

The action was brought to recover the possession of a piece of land alleged to constitute a part of the homestead of the plaintiffs. Judgment was rendered in favor of the defendant. The further facts are stated in the opinion.

*H. C. Rolfe,* for Appellants.

A subsequent homesteader is neither a purchaser nor encumbrancer within the meaning of the code. (Civ. Code, sec. 1114.) The wife, in order to be bound by the judgment in the condemnation proceedings, should have been made a party by supplemental complaint. (Code Civ. Proc., sec. 464.)

*Curtis, Otis & Conner,* for Respondent.

A subsequent homesteader is a purchaser or encumbrancer within the meaning of section 1114 of the Civil Code; and a homestead right acquired after the filing of a *lis pendens* in a proceeding to condemn land is subordinate to the lien created by the *lis pendens.* (Thompson on Homesteads and Exemptions, secs. 317, 318; *Yost* v. *Devault,* 3 Iowa, 345; 66 Am. Dec. 92; *Mills* v. *Spaulding,* 50 Me. 57; *McCauley's Estate,* 50 Cal. 544.)

HAYNE, C. — Ejectment. On November 9, 1885, the plaintiff William Roach was the owner of the land in controversy. On that day the defendant herein commenced proceedings against him to condemn a right of way over the land for a public purpose, and on November 23, 1885, duly filed a notice of *lis pendens.* On March 22, 1886, the plaintiff Rufina Roach, who was the wife of William Roach, and who resided on the premises with him, filed a declaration of homestead thereon. On April 1, 1886, judgment of condemnation was rendered in pursuance of a stipulation, which was as follows:—

"It is hereby stipulated by the respective parties that

plaintiff have judgment for the right of way over the land of defendant, as claimed in the complaint, and that defendant and his wife will execute a deed of said right of way in addition thereto to plaintiff upon plaintiff's paying to defendant $925." The plaintiff in said proceedings (defendant herein) paid said sum into court subject to the order of the plaintiff. It has not been withdrawn, but remains in the hands of the clerk for Roach, whose property it is.

The plaintiff Rufina Roach was not a party to the condemnation proceedings, and it is argued that she was not a purchaser or encumbrancer within the meaning of section 409 of the Code of Civil Procedure, which provides with reference to notices of *lis pendens* that "from the time of filing such record only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action."

This provision applies to condemnation proceedings. (Code Civ. Proc., sec. 1256.) And we think the words "purchaser" must receive a liberal construction, and be held to include those who have acquired a homestead interest in the property. Any other rule would enable parties to commit frauds.

We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.