[No. 13993. In Bank.—September 7, 1891.] .

THE ONTARIO STATE BANK, RESPONDENT, v. JOHN GERRY ET AL., APPELLANTS.

HOMESTEAD — DECLARATION — CONVEYANCE — REGISTRY — CONSTRUCTION OF CODES.— A declaration of a homestead is not a "conveyance" within the meaning of that word as used generally in the codes of this state; and the doctrine that unrecorded deeds and mortgages are good except as against subsequent purchasers for a valuable consideration does not apply to homesteads, the rights to which are defined by the provisions of the code which directly deal with that subject.

ID.— EXEMPTION OF HOMESTEAD FROM EXECUTION. — Section 1241 of the Civil Code enumerates the cases in which a homestead may be taken for a debt, and it can be so taken in no other instance.

ID. — HUSBAND AND WIFE — MORTGAGE OF HUSBAND — HOMESTEAD DE-
CLARED BY WIFE — PRIORITY OF REGISTRY. — A mortgage executed by
the husband, and not recorded before a valid declaration of homestead
by the wife is filed for record, cannot be enforced against the wife's claim
of homestead.

ID. — VENDOR AND PURCHASER — ASSIGNMENT OF CONTRACT OF SALE AS SE-
CURITY — DEED TO WIFE OF PURCHASER — NOTICE. — The assignee of an
unrecorded contract for the purchase of real property, to whom the con-
tract was assigned as security for the payment of a promissory note of
the purchaser, cannot enforce the security as against the recorded claim
of homestead of the purchaser's wife, to whom the purchaser procured a
conveyance to be made, after the assignment of the contract, the wife
taking the deed without knowledge of the assignment.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*H. C. Rolfe,* and *L. E. Tubbs,* for Appellants.

Eliza Gerry having no notice of the plaintiff's lien at the time of recording her deed, and the plaintiff's lien not being recorded, if she paid a valuable consideration for the premises she is protected. (*Morse* v. *Wright,* 60 Cal. 260; Civ. Code, secs. 1107, 1214, 1215.) Even if the transaction be considered as creating a lien on the premises, and be treated in every respect as a mortgage thereon, the premises are not subject to forced sale on any judgment obtained on such mortgage, because the mortgage, though executed, was not recorded before the declaration and recording of the premises as a homestead by Eliza Gerry. (Civ. Code, sec. 1241, subd. 4. See *McCracken* v. *Harris,* 54 Cal. 81; *Sullivan* v. *Hendrickson,* 54 Cal. 258; *Fitzell* v. *Leaky,* 72 Cal. 484.)

*Waters & Gird,* for Respondent.

A valid equitable mortgage may be created in a manner similar to the circumstances of this case. (See *Dingley* v. *Bank of Ventura,* 57 Cal. 467; *Hill* v. *Eldred,* 49 Cal. 398; *Bettis* v. *Townsend,* 61 Cal. 333; Jones on Mortgages, secs. 168, 172, 173, 175, 176.) A mortgage made by assigning a contract of purchase or a land certificate may be foreclosed by a bill in equity, in

which a decree will be made for a sale of the right under the contract. (Jones on Mortgages, sec. 176; *Crumbaugh* v. *Smock*, 1 Blackf. 305.) Considering this transaction with the bank a mortgage, it was valid as between the parties thereto, regardless of the fact that it was not recorded. (Civ. Code, secs. 1215, 1217.) The mortgage was a conveyance within the meaning of the section last cited. It was also valid as against any subsequent purchaser of the same property who did not purchase the same in good faith and for a valuable consideration. (Civ. Code, sec. 1214; *Kellersberger* v. *Kopp*, 6 Cal. 563; Smyth on Homestead and Exemptions, sec. 269; *Sidle* v. *Maxwell*, 4 Ohio St. 236; *Benson* v. *Aitken*, 17 Cal. 163.) Mrs. Gerry had no interest in the property prior to the time it was deeded to her, which was long subsequent to the mortgage; hence, if she paid no consideration for it, she took it subject to the mortgage. The homestead declaration was made and recorded afterward. (Smyth on Homestead and Exemptions, sec. 35.) It is a universal principle that the purpose of recording conveyances is to give constructive notice, and where one is not entitled to that notice, the reason for recording fails. (Jones on Mortgages, sec. 467; Wade on Notice, sec. 64.)

McFARLAND, J. — On November 29, 1887, the defendant John Gerry made° a promissory note to plaintiff for fifteen hundred dollars and interest, payable in three months. Gerry was at that time the holder of a written contract from one Osborn, who was then the owner of the lot of land and premises described in the complaint, by which Gerry was entitled to a conveyance of said lot upon his payment of certain money; and when Gerry gave said note to plaintiff he assigned said contract to plaintiff as security for the payment of said note. Afterwards Gerry paid to Osborn all the money due on said contract; and at Gerry's request, Osborn executed a deed of conveyance of said lot to the defendant Eliza Gerry, who was and is the wife of said defendant John Gerry,

which deed was recorded July 3, 1888.   The defendants were residing on said lot, and on July 10, 1888, the defendant Eliza duly executed and had recorded a declaration of homestead on said premises.   At that time she had no knowledge (if that be material) of the said assignment of said contract to plaintiff.   Said assignment was never recorded, nor was there any record of any claim of lien of any character in favor of plaintiff against said premises.   This present action was commenced March 7, 1889, to recover a judgment against John Gerry for the amount due on said note, and also to enforce a lien for the same on said premises against both defendants.   The defendants answered, setting up their homestead right.   The court below gave judgment against John Gerry for the amount of the note, and also decreed the sale of the premises and the foreclosure of all the right and title of both defendants in and to the same; and defendants appeal from the judgment.

The part of the judgment which decrees the sale of the premises is erroneous.   The court seems to have acted upon the theory that as the wife was not a subsequent purchaser for a valuable consideration, therefore, as against her, the prior unrecorded mortgage was valid. But the doctrine that unrecorded deeds and mortgages are good, except as against subsequent purchasers for a valuable consideration, does not apply to homesteads. Rights to homesteads are defined by the provisions of the code which directly deal with that subject.   " The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead," and a declaration of a homestead is not a " conveyance " as that word is used generally in the code.   Section 1241 of the Civil Code enumerates the cases where a homestead may be taken for a debt, and it can be so taken in no other instance.   The only subdivision of that section upon which respondent could rest with any plausibility is the fourth, which is as follows: " On debts secured by mortgages on the premises, executed *and recorded* before the declaration was filed for

record." It makes no difference that the mortgage (if it was a mortgage on the *land*) in the case at bar was executed by the husband before the legal title vested in the wife; the mortgage was not recorded " before the *declaration of homestead was filed*," and therefore cannot be enforced against the wife's claim of homestead. And the wife has a right in the homestead which she can protect, not only against the husband's creditors, but against the husband himself. The respondent could have protected his mortgage by simply recording it. There is no question here about the morality of the transaction. It is simply a matter of statutory provision.

The judgment, so far as it adjudges the sale of the premises described in the complaint, and the foreclosure of appellants' interest therein, is reversed. In all other respects it is affirmed.

GAROUTTE, J., DE HAVEN, J., HARRISON, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.