[No. 14433. In Bank. — March 26, 1892.]

FIRST NATIONAL BANK OF SAN LUIS OBISPO, APPELLANT, *v.* A. L. BRUCE ET UX., RESPONDENTS.

HOMESTEAD — DECLARATION BY WIFE — PRIORITY OVER UNRECORDED MORTGAGE — INTENTION TO CHANGE RESIDENCE. — A mortgage executed by the husband, but not recorded before a valid declaration of homestead by the wife is filed for record, cannot be enforced against the wife's claim of homestead, although ten days after the filing by the wife of the declaration the spouses moved to adjoining lands for the purpose of acquiring title thereto under the United States homestead laws, and the declaration of homestead was made by the wife with full knowledge of her husband's intended removal from the premises, and with the intention on her part to remove therefrom with him.

ID. — RESIDENCE — HUSBAND AND WIFE — DUTY OF WIFE. — The residence of the husband is in law the residence of the wife. The husband has the right to select a residence, and it is the duty of the wife to remove with him when he removes from his residence, and her intention to discharge this duty cannot defeat her right to claim a homestead before the residence is in fact changed.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*W. H. Spencer*, for Appellant.

*John A. Kimball*, and *S. M. Swinnerton*, for Respondents.

FITZGERALD, C. — On April 12, 1889, defendant A. L. Bruce mortgaged the premises described in the complaint, and valued at two thousand dollars, to secure the payment of a certain promissory note executed by him to plaintiff for the sum of five hundred dollars. On April 28, 1890, said mortgage was duly recorded. On April 7, 1890, defendant I. A. Bruce, wife of said A. L. Bruce, who, with her husband and children, were then, and for two years prior thereto had been, actually residing on and using said premises (which was common property) as a home, declared a homestead thereon, without any knowledge on her part, if that be material, at the time of such declaration, that they had been previously mortgaged by her husband to plaintiff. In July, 1889, the defendant A. L. Bruce made and filed his homestead application and claim, under the homestead laws of the United States, on certain land adjoining said premises, and in February, 1890, he hauled several hundred feet of lumber on said claim, with which he afterwards built a house thereon, commencing the construction thereof about the 1st of March, and completing the same between the 10th and 17th of April following. On April 17, 1890, defendants moved with their children and household goods from the land described in the complaint into the house built on the United States homestead claim referred to, where they continued thereafter to reside and make their home for about five months, when they abandoned the United States homestead claim and returned to the land described in the complaint, where they have ever since resided. It further appears that at the time the defendant I. A. Bruce filed her said declaration of homestead on said premises, she had full knowledge of all her husband's acts in relation to said United States homestead claim, and that she intended to move with him therefrom to said claim, which she afterwards did on April 17th following.

This action is brought to foreclose the above-mentioned mortgage, and I. A. Bruce, the wife, is joined as

a party defendant. Judgment was given in favor of plaintiff against defendant A. L. Bruce for the full amount of the note, with interest and costs, and in favor of the defendant I. A. Bruce against plaintiff for costs. The appeal is taken by plaintiff upon the judgment roll alone.

The only question presented by this appeal is, whether, upon the facts as above stated, the premises in question are subject to execution or forced sale in satisfaction of a judgment or decree founded on a debt secured by mortgage thereon, executed by the husband before, but not recorded until after, the declaration of homestead was made by the wife, such declaration having been made by her with full knowledge at the time of her husband's intended removal from the premises, and with the intention on her part to remove therefrom with him.

Section 1241 of the Civil Code provides that "the homestead is subject to execution or forced sale in satisfaction of judgments obtained: . . . . 4. On debts secured by mortgages on the premises, executed and recorded before the declaration of homestead was filed for record."

Mr. Justice McFarland, in construing the foregoing subdivision of said section in *Ontario State Bank* v. *Gerry*, 91 Cal. 95, uses the following language: " It makes no difference that the mortgage (if it was a mortgage on the *land*) in the case at bar was executed by the husband before the legal title vested in the wife; the mortgage was not recorded 'before the *declaration of homestead was filed*,' and therefore cannot be enforced against the wife's claim of homestead. And the wife has a right in the homestead which she can protect, not only against the husband's creditors, but against the husband himself. The respondent could have protected his mortgage by simply recording it. . . . . It is simply a matter of statutory provision."

But it is contended by appellant that there should have existed, at the time of such declaration, "an honest

intention on the part of the husband and wife to make the premises described in the declaration their permanent home. Neither entertained any such intention. They were then almost ready to remove to adjoining lands for the purpose of acquiring title thereto under the homestead laws of the United States. Ten days after filing the declaration, they did remove to the adjoining land with their household goods, and there made their home until after the commencement of this action."

At the time the declaration was made, the claimant, with her husband and children, actually occupied and used the premises in question as a home. It therefore follows that her right under the statute to declare a homestead thereon was absolute and unquestionable; and as she exercised it, as she had the right to do, independently of her husband, for their joint benefit, she cannot be held to answer for his acts and declarations to take up a residence on some other land.

Assuming, then, the existence of the other necessary conditions, her declaration under these circumstances created a valid and subsisting homestead under our statute, and her right to make such declaration was in no way affected by her intended removal at the time with her husband, which she afterwards carried into effect. And her removal in pursuance of such intention was but the performance of a solemn duty imposed on her by her obligations as a wife, and in this respect she was subject to his control.

Our homestead laws were wisely intended to empower the wife to preserve and protect the home for the joint benefit of herself and husband, not only against the husband's creditors, but " against the husband himself"; and this she would be powerless to effect if, by performing her duty as a spouse, she could be held to account for the husband's acts and declarations showing an intention to the contrary of that evidenced by her solemn declaration in writing.

The residence of the husband is made by law the resi-

dence of the wife.  According, then, to appellant's contention, if the husband intended (when the wife made her declaration) to move from the premises, and take up his residence elsewhere, such declaration would be invalid, because, as she intended to perform her duty as a wife by moving with him, she could not, in the face of such a legal impediment, "have honestly intended to occupy them as a permanent home." This position is totally at variance with the letter and spirit of the homestead laws.

That they subsequently abandoned the "adjoining land," and returned to the premises occupied by them when the homestead was declared, furnishes a striking illustration of the wisdom and policy of the law in thus enabling the wife, independently of the husband, to preserve and protect the home, not only against the husband's creditors, but "against the husband himself."

The court, in finding (if such finding was necessary) that the defendants intended to remove from the premises when the declaration was made, and that they afterwards carried such intention into effect, evidently meant to say, that as the husband intended to and did remove from the premises, the wife, as was her duty, also intended to and did remove with him.

The judgment should be affirmed, and we so advise.

TEMPLE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.