### · BOYD v. BOYD.

#### No. 19,046; January 14, 1893.

31 Pac. 1108.

**Divorce—Division of Community Property.**—In an action for a divorce it is not an abuse of discretion for the trial court to set off to plaintiff the homestead and a small amount of personalty from the community property, leaving to defendant all other community property; section 146, subdivision 1, Civil Code, providing: " . . . . The community property shall be assigned to the respective parties in such proportion as the court, from all the facts of the case and the condition of the parties, may deem just."

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action for divorce by S. J. Boyd against E. H. Boyd. Judgment for plaintiff. Defendant appeals. Affirmed.

Jones & Carlton for appellant; Holloway & Kendrick for respondent.

FOOTE, C.—This appeal was taken from a judgment in favor of the plaintiff and from an order refusing a new trial. The appeal from the order has been dismissed by the appellate tribunal, and the matter now stands on an appeal from the judgment alone. This appeal was not taken within sixty days from the rendition of the judgment, so that no exception to the decision on the ground that it is not supported by the evidence can be considered. The findings must therefore be held to be supported by the evidence. The appellant contends, however, that the findings are insufficient. The findings are general, viz.: That all the allegations of the plaintiff's complaint are true; that all the allegations of the answer of the defendant, and of the averments thereto, are untrue and false, except the admissions contained in allegations 1 and 2, viz., that the parties were married as alleged in the complaint, and are husband and wife; and that the issue of said marriage was correctly stated in that pleading. Such findings have often been held to be sufficient: Richards v. Shear, 70 Cal. 186, 11 Pac. 607.

It is further claimed by the defendant and appellant that the court abused its discretion in awarding property to the plaintiff. The decree, which follows the findings and conclusions of law, does not show such to be the fact, and we have nothing to do with the evidence in the case. The court seems, by the decree, to have set aside to the plaintiff, "the innocent party," the homestead taken from the community property, which is subject to a mortgage of $5,000, and a small amount of personal property, leaving to the defendant all other property heretofore owned by the parties as community. This is in accordance with the legal power of the trial court in a proper case, under section 146 of the Civil Code, subdivisions 1 and 2.

As to the other questions discussed by the appellant, it is sufficient to say that by the dismissal of the appeal from the order denying a new trial they are not before the appellate court for consideration. We perceive no prejudicial error in the record, and advise that the judgment be affirmed.

I concur: Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed; and, it appearing to the court that this appeal is without any merit whatever, and has been prosecuted for delay, it is ordered that to the judgment against defendant be added the sum of $100 costs.