[S. F. No. 1824.   Department Two.—March 16, 1901.]

ANNIE McNAMARA and J. M. McNAMARA, Appellants, v. OAKLAND BUILDING AND LOAN ASSOCIATION, Respondent.

| 132 | 247 |
| f133 | 313 |

Mortgage — Acknowledgment by Stockholder of Corporation Mort- gagee — Query — Estoppel by Judgment. — The question whether an acknowledgment of a mortgage to a building and loan associa-. tion, taken by a notary who was a stockholder therein, is raised, but not decided, it being held that the parties raising the question were estopped from urging it, by the judgment of foreclosure.

Id. — Foreclosure of Mortgage — Notice of Lis Pendens — Home- stead Declared Pending Suit — Decree Conclusive — Injunc- tion. — Where the mortgage so acknowledged was executed by the husband, upon property not claimed as a homestead prior to the foreclosure suit, in which suit a proper notice of *lis pendens* was filed, the wife, though not made a party to the suit, was bound by such notice, and by the judgment of foreclosure, as against a declaration of homestead filed by her upon the premises pending the suit before judgment, which was not set up in the action.   She is estopped by the judgment to question the validity of the mort- gage, or of the foreclosure thereof; and she and her husband cannot maintain an injunction suit to enjoin a sale of the homestead prem- ises under the decree of foreclosure.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a. new trial.   S. P. Hall, Judge.

The facts are stated in the opinion.

R. Clark, for Appellants.

John Yule, and John M. Poston, for Respondent.

CHIPMAN, C. — Action to restrain the sale of certain land under decree of foreclosure.   Defendant had judgment, from which and from the order denying motion for new trial this appeal is taken.

Plaintiffs are husband and wife.   J. M. McNamara, being the owner of the land in question, executed a mortgage thereof to defendant's assignor, in which his wife did not join, and McNamara failing to pay the debt secured thereby, defendant, assignee of the note and mortgage, brought its action to fore-

close, but did not make Mrs. McNamara a party defendant. *Lis pendens* was duly filed; the cause was tried, and judgment ordered for plaintiff in the foreclosure action, whereupon, and before judgment was entered, Mrs. McNamara filed a home- stead on the premises; judgment of foreclosure was shortly thereafter duly entered, and plaintiff in that action being about to cause the sale of the premises, this action was brought by Mrs. McNamara, joining her husband as a party plaintiff. It appeared that the mortage in question "was acknowledged before one Thomas W. Jeffries, a notary public, who was, at the time he took such acknowledgment, a member of the co- partnership firm of Jeffries and White, which firm then owned ten shares of stock of said corporation defendant; J. M. Mc- Namara also owned stock therein at the time he acknowledged said mortgage before said Jeffries; and that said corporation was a mutual corporation."

The court found that the mortgage was duly and regularly executed and acknowledged. Appellants make the point that this finding is not supported by the evidence.

The principal question presented by appellants is, Was Jef- fries disqualified to take the acknowledgment? Appellants rely on *Lee* v. *Murphy*, 119 Cal. 364.

The view we have taken of the case makes it unnecessary to decide whether the notary was disqualified.

The case of *Roach* v. *Riverside Water Co.*, 74 Cal. 263, was an action in ejectment, brought by plaintiffs to recover posses- sion of a piece of land alleged to constitute a part of their homestead. The defendant had in that action commenced proceedings to condemn a right of way over the land of plain- tiff, William Roach, for a public purpose, and duly filed notice of *lis pendens*, after which Rufina, wife of William, filed a dec- laration of homestead on the land in question. Thereafter, judgment of condemnation was duly rendered on a stipulation entered into between the parties to the action. Rufina was not a party to the suit, and although William stipulated that he and his wife would execute a deed of the right of way on pay- ment of a certain sum which was paid into court subject to the order of William, the record does not show that Rufina was in any way bound by the stipulation. It was urged on her behalf that she was not a purchaser or encumbrancer within the meaning of section 409 of the Code of Civil Procedure, which provides, with reference to notices of *lis pendens*, that

"from the time of filing such record only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action." The court decided that the statute applies to condemnation proceedings, and that "the word 'purchaser' must receive a liberal construction, and be held to include those who have acquired a homestead interest in the property."

Appellant contends that *Roach* v. *Riverside Water Co.*, *supra*, is not in point, and if it is, that *Lee* v. *Murphy*, *supra*, overrules it. We think the case is in point, and has not been overruled. In *Lee* v. *Murphy*, the homestead was declared before the foreclosure suit was begun, and the defense was made by the husband and wife as parties to the action to foreclose the mortgage. In *Richardson* v. *White*, 18 Cal. 103, the court stated with some fullness the office of a *lis pendens*. As to the rule of the statute, it was said to be as if it read: "The commencement of a suit and the filing of a notice of it are constructive notice to all the world of the action, and purchasers or assignees, afterwards becoming such, are mere volunteers, and bound by the judgment." It is not important whether Mrs. McNamara acquired some right or title by her homestead declaration, for the question is, not whether she has any right to the property, but whether that right has not already been adjudged against her. (Id.) The object of the notice is to give the opportunity of defense to any one acquiring subsequent rights. "Another object of the statute was to give notice, in this way, of litigation, that third persons might not purchase, except advisedly." (Id.) A purchaser *pendente lite*, and after the statutory notice of the pendency of the action, is not a necessary party to the suit. (*Horn* v. *Jones*, 28 Cal. 195.)

In an action against a corporation to foreclose a mortgage purporting to have been executed by it, and a *lis pendens* is filed, and a decree is given enforcing the mortgage, a party who buys the mortgaged property, *pendente lite*, at sheriff's sale, made on a judgment which does not enforce a lien older than the *lis pendens*, is estopped from saying that the mortgage was not the act of the corporation. (*Horn* v. *Jones*, *supra*.) When the plaintiff has filed his notice he need not concern himself with persons acquiring subsequent rights to the property. All such persons take with notice, and must appear in the action and assert their rights, or they will be estopped by the judgment, and cannot afterwards question its validity.

In the present case Mrs. McNamara had constructive notice that the property was mortgaged as early as in 1889; she had like notice that an action was pending to foreclose the mortgage; and after the court had tried the cause and rendered a decision, she sought to defeat the action by impressing the mortgaged premises with the homestead character, and she now claims that this homestead has priority over the judgment of foreclosure, and asks to have that judgment declared void. We think she cannot be heard to do this.

The judgment and order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.