BUCKLEN *v.* CUSHMAN.

[No. 17,782.    Filed May 14, 1896.]

LANDLORD AND TENANT.—*Action for Waste.—Pleading.—Complaint.* —A complaint does not sufficiently show waste by allegations of threats to remove furniture of a room, and that the plumbing will have to be taken out and the floor disturbed, without alleging that damage will result.

SAME.— *Parol Lease.— Presumption.*—Where the allegations in a pleading do not disclose a written lease, the presumption will be that the letting was by parol, and it will not be necessary that a copy be set out as an exhibit.

SAME.—*Right of Tenant.*—It is the right of a tenant to use leased premises for any lawful purpose, not forbidden by the expressed or necessarily implied construction of the lease.

PRACTICE.—*Motion in Arrest of Judgment.—Dismissal by Court.*— Dismissal of a cause by the court on motion in arrest of judgment for insufficiency of complaint, after a demurrer has been overruled and an exception reserved, without allowing an amendment, is error.

From the Elkhart Circuit Court.    *Reversed.*

*H. C. Dodge,* for appellant.

*Dodge & Hubbell,* for appellee.

HACKNEY, C. J.—The appellant owned a building in the city of Elkhart, a part of which he leased to the appellee for hotel purposes, with the privileges of conducting a saloon in one of the basement rooms. At the same time one Kaskel occupied, as appellant's tenant, one of three storerooms on the first floor of

Bucklen v. Cushman.

said building for the sale of cigars and tobacco and as a billiard room.  The business of this room was purchased by the appellee from Kaskel, and the same, together with the occupancy of said room, passed to the appellee "as the tenant  *  *  from year to year" of the appellant, without any provision "for the sale of liquors in said room by" the appellee.  The appellee obtained a license to sell intoxicating liquors, at retail, in said room, and, at the time this suit was instituted, was threatening to remove the saloon from said basement to said room.  In addition to the foregoing facts, the amended complaint contained the following allegation:  "That said storeroom contains a counter, of the value, to-wit, of $200.00; shelving of the value of $300.00; an ornamental partition of the value of $100.00, and a tile floor of the value of $500.00; that to put a saloon in said room, said room would have to have the said counter, shelving, and partition all removed out of and away from said room; that plaintiff's plumbing would have to be taken out of said basement and removed; that said floor would have to be torn up to put in plumbing in said room, which it would be necessary to have in said room if it were used for a saloon; all of which the defendant now threatens to do; and said saloon cannot be removed to said place without destroying said room; that said Cushman, while possibly not insolvent, has not sufficient means or property to respond to this plaintiff in the sum he will be damaged if said threat is carried out;" that "after removing said saloon business into said storeroom  *  *  the damage to said hotel property, caused by a saloon being placed adja-cent to the main office and most prominent room, will be, to-wit: $15,000.00."  It is also alleged that the hotel property is of the value of $50,000.00, a large portion of which value is in its good name, good will,

Bucklen v. Cushman.

and established business, which will suffer irreparable injury by the removal of the saloon as threatened. Restraining order and injunction were prayed.

Appellee's demurrer to this amended complaint was overruled and an exception was reserved. Issue was formed, and upon the trial the court entered its finding as follows: "Come now the parties, and the court, after hearing the evidence adduced and the arguments of counsel, and being well and sufficiently advised in the premises, now finds for the plaintiff, that the material allegations of his complaint are true and proven; that he is entitled to a perpetual injunction against the defendant, Wilbur R. Cushman, restraining him from removing or interfering with the furniture described in the complaint, to-wit: shelving, partition, flooring, and counter, in room formerly occupied by Mike Kaskel, as described in the complaint, and also from conducting or operating a saloon for sale of intoxicating liquors at retail in quantities less than a quart at a time, to be drank on the premises, in said room, prior to the building of an extension to said room by plaintiff. And the defendant now moves the court in arrest of judgment."

The court sustained the motion in arrest of judgment, and dismissed the cause. This action of the trial court is assigned as error, and the action in overruling appellee's demurrer to amended complaint is assigned as cross-error.

Counsel for the appellee make no defense of the court's action in dismissing the appellant's suit, and we are at a loss to know how it can be sustained. Conceding the insufficiency of the complaint, against the demurrer and upon motion in arrest of judgment, the right to amend and proceed further could not be denied. Upon the theory that the complaint alleges a letting of the room by the appellant to the appellee,

after the latter had procured a license to sell liquors, counsel for the appellee argue that appellant disclosed an estoppel against himself to question the proposed use of the room. This theory, we think, is not tenable. The fair construction of the complaint is that the appellee became the tenant of the appellant by virtue of his purchase from Kaskel, and not by direct lease.

Nor is it true that the allegations disclose a written lease of the room, either to Kaskel or to Cushman. The presumption, therefore, would be that the letting was by parol, and it would not be necessary, as counsel insist, that a copy should be made a part of the complaint.

Counsel are in error also in the position that the complaint alleged only an opinion as to the necessity for removing counters, shelving, partitions, floors, and the plumbing, and that no threat of the appellee to remove them was alleged. It was expressly alleged that it would be necessary to remove them, "all of which the defendant now threatens to do." The appellee's threat to remove them, for the purposes of the allegation in question, would be quite sufficient without an allegation as to the necessity therefor.

It is probably true, as counsel urge, that it is a right of a tenant to use leased premises for any lawful purpose, not forbidden by the expressed or necessarily implied construction of the lease. Gear Landl. and Ten., section 97, p. 296; Reed et al. v. Lewis et al., 74 Ind. 433. This proposition, however, has application only to the possible theory of the complaint, denying the right to use the room for the sale of intoxicating liquors, and not to the theory that the appellee was about to commit waste in the removal of counters, shelving, partition, plumbing, and floors. The latter theory is all that

counsel for the appellant claims for the complaint, and he asserts no right, under the allegations, as to the uses of the room for a saloon. As to this theory of the complaint, there are very serious doubts of its sufficiency. It is not alleged that the furniture will be injured by the threatened removal; that the disturbance of the floor, to put in plumbing, will be permanent or injurious, nor is damage alleged by reason of such removal or disturbance. The allegation that "after removing said saloon business into said storeroom * * * as aforesaid, that the damage to said hotel property, caused by a saloon being placed adjacent to the main office and most prominent room, will be, to-wit: $15,000.00," has no reference to the possible injury to the furniture and floor, or to the building. The allegation that the "saloon cannot be removed to said place without destroying said room," is but a conclusion, not supported by any alleged fact, and having no reference to any injury to the furniture, the disturbance of the floor, or the use of the room for a saloon. The aggregate value of the furniture and floor, as alleged, is but $1,100.00, and the allegation of the appellee's inability to respond to the appellant's damages is not with reference to this sum, but is with reference to the alleged $15,000.00 damages from locating a saloon in said room. The entire complaint bears evidence of having been hastily prepared, and upon the theory of charging waste, it is bad. We do not consider its sufficiency upon any other theory, since counsel claim nothing for it upon any other theory. We do not consider the rules as to the sufficiency of the complaint upon demurrer and upon motion in arrest of judgment, since the appellee, by his assignment of cross-error, is entitled to have the complaint tested as upon demurrer. Nor do we consider the question urged by the appellee,

that no bond was given by the appellant upon his application for a restraining order or injunction. That question does not arise upon the assignment of cross-error.

The judgment is reversed, upon the error of the trial court in dismissing the appellant's suit, with instructions to reinstate the suit and to sustain the appellee's demurrer to the complaint, with leave to amend and for further proceedings.