PAUL F. KNEFEL *et al.*

*v.*

GEORGE C. FLANNER *et al.*

*Filed at Ottawa April 3, 1897.*

1. PRACTICE—*defendant not asking for continuance on amendment of declaration cannot complain.*   Where the court allows a plaintiff to amend his declaration at trial, the defendant, if he cannot safely proceed, must ask for a continuance, failing in which he cannot afterwards complain.

2. SAME—*where pleas filed are not sufficient to amended declaration, leave should be taken to file others.*   A defendant not asking leave to file additional pleas to a declaration amended at trial, cannot complain, on appeal, of an order of the court that the pleas filed to the original declaration be allowed to stand as pleas to the declaration as amended.

*Knefel* v. *Flanner,* 66 Ill. App. 209, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

LEVI SPRAGUE, for appellants.

WILLIAM VOCKE, and JOHN J. HEALY, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county.  The facts, so far as it is necessary to state them, are briefly as follows: In 1892 one Thomas Hulse, of Chi-

cago, was employed by the Realty Improvement Company of Detroit, Michigan, to build and erect certain buildings at Chicago Heights for a stipulated sum. At the same time an arrangement was made between the realty company and appellants, whereby appellants agreed to superintend the construction of the buildings, apply the contract price to the payment of the amounts due the several sub-contractors and material-men who might be employed by Hulse in the performance of the work, and, after the satisfaction of the latter claims, to pay the balance of the contract price to Hulse. Appellees were employed by Hulse to prepare and furnish for the buildings certain mill work and other building material for a certain price agreed upon, which they did. In March, 1893, there remained due to appellees from Hulse the sum of $3106.51, and upon presentation of appellees' bill Hulse endorsed an order thereon, directed to appellants, in the following words:

"*Paul F. Knefel & Co.:*

"Please pay Flanner & Miller the above bill, and oblige.

THOMAS HULSE."

The order was presented to Knefel & Co. some time between the 1st and 10th days of March, 1893, and they accepted the same, and wrote across its face the following endorsement:

"This amount of $3106.51 to be paid Flanner & Miller out of the first money received by us of the $8000 still due Hulse from the Detroit Realty Company, or money in our possession.

PAUL F. KNEFEL & Co."

On the 10th day of March, 1893, Knefel & Co. paid Flanner & Miller on the acceptance $1200, leaving a balance of $1906.51, with interest, unpaid, which amount is involved in this action.

After the jury had been impaneled, but before any evidence had been introduced, plaintiffs discovered that the order from Hulse to appellants, directing payment of money to appellees, was not set out in the declaration,

and that the declaration contained some other slight defects, whereupon they entered a motion for leave to file an amended declaration. The court allowed the motion, and entered an order allowing the pleas filed to the original declaration to stand as the pleas to the amended declaration. This ruling of the court is relied upon as error. The allowance of an amendment to the declaration or any other pleading, at any time before final judgment, is expressly authorized by section 24 of the Practice act. If the amendment was of such a character that the defendants could not then safely proceed with a trial of the cause, it was their right to ask for a postponement or a continuance. This they did not do, and they are in no position to complain.

As to the pleas: If those already filed were not sufficient to present a defense to the action after the declaration was amended the defendants should have asked leave to file other pleas; but they made no application of that character, and it is now too late to complain that they were denied a right to plead. Moreover, the pleas filed before the amendment were ample to present any defense to the amended declaration.

It is also claimed in the argument that in passing upon questions of evidence the court made remarks prejudicial to the appellants' case in the hearing of the jury. We have gone over the rulings of the court in passing on questions of evidence, and after a careful examination of the record we fail to find anything said by the court calculated to prejudice the jury against either of the parties.

No fault is found in the argument with the instructions of the court, and so far as appears from the record the appellants had a fair and impartial trial, and we perceive no reason for disturbing the judgment of the Appellate Court, and it will be affirmed.

*Judgment affirmed.*