SANDEEN, RESPONDENT, *v.* RUSSELL LUMBER CO., APPELLANT.

(No. 3,118.)

(Submitted March 22, 1912. Decided March 29, 1912.)

[122 Pac. 913.]

*Contracts of Sale — Mutuality — Evidence—Letters and Telegrams — Admissibility—Pleadings—Amendments—Discretion —New Trial—Newly Discovered Evidence—When Refusal Proper.*

Contracts of Sale—Mutuality.

1.  A contract for the sale of farm produce which, while giving the right to the buyer to fix the date of delivery, also provided that all of it must be called for by him before a certain date, was not void for want of mutuality upon the alleged ground that its terms left it optional with him whether he would or would not call for delivery.

Same—Evidence—Letters and Telegrams—Admissibility.

2.  Letters and telegrams sent by plaintiff in an action for breach of a contract of sale of farm produce to defendant were admissible in evi-

45 Mont.—18

dence in support of his allegation that he had made repeated demands upon the latter for delivery.

**Pleadings—Amendments During Trial—Discretion.**

3. An application to amend a pleading so as to correspond to the proof is addressed to the sound discretion of the trial court; in the absence of any abuse thereof its action will not be disturbed on appeal.

**Same.**

4. Where defendant did not request a continuance or suggest to the court that he was taken by surprise and not prepared to meet the proof under an amendment to the complaint asked for during the course of trial, nor amend his answer to meet the new allegation, but proceeded with the trial without further objection, the action of the court in permitting the amendment may not be said to have been in abuse of discretion.

**New Trial—Newly Discovered Evidence—When Refusal Proper.**

5. A new trial on the ground of newly discovered evidence was properly denied, where the application was not accompanied by the affidavits of the two alleged newly discovered witnesses, one of whom was beyond the reach of process issued from a court of this state, and there was no showing that he would testify if a new trial were granted, nor that they were not present at trial or that their testimony was not procurable at that time.

**Same—Discretion.**

6. The granting or refusing of a new trial on the ground of surprise or newly discovered evidence rests largely in the discretion of the trial court, and where an abuse of discretion is not disclosed by the record, its ruling will not be disturbed on appeal.

*Appeal from District Court, Yellowstone County; Frank Henry, Judge of the Sixth Judicial District, presiding.*

ACTION by C. E. Sandeen against the Russell Lumber Company. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals. Affirmed.

*Messrs. Noyes & Noyes,* and *Mr. Lou. W. Chapple,* for Appellant, submitted a brief; *Mr. Ray E. Noyes* argued the cause orally.

Hayne, in his work on New Trials, lays down the following requirements, which should appear on an application for a new trial on the ground of newly discovered evidence: (a) that the evidence, and not merely its materiality, be newly discovered; (b) that the evidence be not cumulative merely; (c) that it be such as to render a different result probable on a retrial; (d)

that the party could not with a reasonable diligence have discovered and produced it at the trial; (e) that these facts be shown by the best evidence of which the case admits. (Hayne on New Trials and Appeal, sec. 88.) We have no hesitation in saying that this is the ultra test required by courts of last resort in an application for a new trial on the ground of newly discovered evidence. (*Caruthers* v. *Pemberton*, 1 Mont. 111; *Kleinschmidt* v. *Dunphy*, 1 Mont. 118; *Garfield M. & M. Co.* v. *Hammer*, 6 Mont. 53, 8 Pac. 153; *In re Colbert's Estate*, 31 Mont. 461, 107 Am. St. Rep. 439, 3 Ann. Cas. 952, 78 Pac. 791, 80 Pac. 248; *Elliott* v. *Martin*, 27 Mont. 519, 71 Pac. 756; *Smith* v. *Shook*, 30 Mont. 30, 75 Pac. 513; *Spencer* v. *Spencer*, 31 Mont. 631, 79 Pac. 320.) We brought ourselves within these five requirements, and it was therefore an abuse of legal discretion to deny our application. "Testimony is not merely cumulative when it tends to prove a distinct fact not testified to at the trial, although other evidence may have been introduced by the moving party, tending to support the same ground of claim or defense to which such fact is pertinent." (*Wilson* v. *Plank*, 41 Wis. 94.) "The facts may tend to prove the same proposition and yet be so dissimilar in kind as to afford no pretense for saying they are cumulative." (*Guyot* v. *Butts*, 4 Wend. (N. Y.) 579.) Additional evidence tending to prove the same proposition is not cumulative if it relates to a new and distinct fact. (*Parker* v. *Hardy*, 24 Pick. (Mass.) 246; *Smith* v. *Smith*, 51 Wis. 665, 8 N. W. 868.) The distinction between evidence that is cumulative and that which is not is the following: "It is not the case of different witnesses, testifying to different specific facts, all tending to prove the same general proposition, but different witnesses testifying to the same facts." (*Krueger* v. *Merrill*, 66 Wis. 31, 27 N. W. 836; *Hinton* v. *Cream City R. Co.*, 65 Wis. 334, 27 N. W. 147; *Goldsworthy* v. *Town of Linden*, 75 Wis. 34, 43 N. W. 656.) It was not necessary for us to produce the documentary evidence relied on in connection with the application for a new trial, if we could have done so. The railroad company would not surrender it to us. It is in its custody and a part of

its records. A proper subpoena will bring it. It was only necessary in this particular that we show that the evidence is available, to the end that a rehearing may not be futile. (29 Cyc. 998, (e).)

*Mr. W. M. Johnston,* and *Mr. H. J. Coleman,* submitted a brief in behalf of Respondent; *Mr. Coleman* argued the cause orally.

"The application must be supported by the production of newly discovered evidence, or by the affidavits of newly discovered witnesses as to the facts to which they will testify, unless the failure to produce such evidence or affidavits is satisfactorily accounted for, or by other indifferent testimony showing that the proof relied on can be had. Where it is shown to be impracticable or impossible to obtain the affidavits of such new witnesses, their production may be excused. The affidavits of the witnesses must set out fully and particularly the facts to which they will testify and state their willingness to testify upon a new trial." (29 Cyc. 998; *McLeod* v. *Shelly Mfg. Co.,* 108 Ala. 81, 19 South. 326; *Arnold* v. *Skagg,* 35 Cal. 684; *East* v. *McKee,* 14 Ind. App. 45, 42 N. E. 368; *Hand* v. *Langland,* 67 Iowa, 185, 25 N. W. 122; *Draper* v. *Taylor,* 58 Neb. 787, 79 N. W. 709; *Huster* v. *Wynn,* 8 Okl. 569, 58 Pac. 737; *Russell* v. *Nall,* 79 Tex. 664, 15 S. W. 635; *Hodges* v. *Ross,* 6 Tex. Civ. App. 437, 25 S. W. 975; *Read* v. *Staton,* 3 Hayw. (Tenn.) 159, 9 Am. Dec. 740.)

Surprise caused by some ruling of the court must be proved by the affidavit of counsel and not the affidavit of a party to the action. (*Schellhous* v. *Ball,* 29 Cal. 608; *Martin* v. *Hill,* 3 Utah, 157, 2 Pac. 62.) Defendant has no standing in the matter, because of its failure to ask for a continuance at the time the amendment to the complaint complained of was allowed. (See *Schellhous* v. *Ball, supra; Couillard* v. *Seaver,* 64 N. H. 614, 9 Atl. 724; *Cato* v. *Scott* (Tex. Civ. App.), 96 S. W. 667; *Pride* v. *Whitfield* (Tex. Civ. App.), 51 S. W. 1100; *Barron* v. *Robinson,* 98 Ala. 351, 13 South. 476; *Stewart* v. *Smith,* 111 Ind. 526, 13 N. E. 48; *Patton* v. *Sanborn,* 133 Iowa, 650, 110 N. W. 1032; *O'Neil* v. *Bank,* 34 Mont. 521, 87 Pac. 970; *Corbett* v. *Bank,* 44

Neb. 230, 62 N. W. 445; *Dumontier* v. *Stetson etc. Co.,* 39 Wash. 264, 81 Pac. 693; *Doyle* v. *Sturla,* 38 Cal. 456.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for an alleged breach of contract. The plaintiff recovered judgment, and defendant appealed therefrom and from an order denying it a new trial.

The complaint alleges that on November 17, 1908, plaintiff purchased from the defendant company, and defendant sold to plaintiff, one car of oats at $1.60 per hundred, six cars at $1.65 per hundred, ten cars of alfalfa hay at $9.50 per ton, and six cars of timothy hay at $13.50 per ton, f. o. b. Waco or Custer, as directed by plaintiff, delivery to be made at any time before June 15, 1909, upon ten days' notice from plaintiff, and payment to be made by plaintiff thirty days after receipt of the goods. It is then alleged that the defendant company delivered two cars of oats, two and one-half of alfalfa, and two and one-half of timothy, for which plaintiff paid according to contract, "the last of which oats and hay were delivered to plaintiff by defendant under said contracts in December, 1908." It is further alleged that plaintiff made frequent demands upon defendant to deliver the remainder of the oats and hay; that defendant failed, neglected, and refused to deliver any more of either; and that plaintiff was forced to go into the markets and purchase oats and hay at greatly increased prices, to his damage in the sum of $1,973.90. The answer of defendant company admits that a contract was entered into between plaintiff and defendant with respect to the quantities of hay and grain mentioned in the complaint, that the contract prices were as plaintiff alleges, but defendant asserts that deliveries were to be made at any time between November 17, 1908, and May 1, 1909, at the option of the defendant, and that payments were to be made by plaintiff on the first of every month for all goods delivered during the preceding month. Defendant admits that it delivered

two cars of oats and two and one-half each of alfalfa and timothy under the terms of the contract, but denies that plaintiff paid for the same according to the terms of the contract, and alleges that final payment for such goods was not made until April, 1909. It is alleged that defendant shipped to plaintiff at Custer five carloads of hay, but that plaintiff refused to receive or accept the same. Defendant, by way of counterclaim, alleges breach of the contract on the part of plaintiff, to defendant's damage in the sum of $222.50; and by way of a second counterclaim sets forth a claim for lumber sold and delivered to plaintiff of the value of $84. By reply plaintiff put in issue the affirmative allegations of the answer, except those contained in the second counterclaim, which are admitted. During the course of the trial plaintiff was permitted, over objection of defendant, to amend his complaint by substituting the words "March, 1909," for the words "December, 1908," in that portion of the complaint quoted above. In this court counsel for appellant urged (1) that the complaint does not state a cause of action; (2) that the court erred in receiving in evidence Plaintiff's exhibits C, D, and H; (3) that the trial court erred in permitting the amendment to the complaint; and (4) that the court erred in denying defendant's motion for a new trial.

1. It is argued that according to plaintiff's own theory, as disclosed in the complaint, the contract was void for want of [1] mutuality, in that it was left optional with the plaintiff whether he would or would not call for delivery of the goods, the subject of the contract; but with this we do not agree. The complaint alleges facts from which it appears that a sale was made on November 17, 1908, of all the goods in question here, that plaintiff had the right to fix the time for delivery, but that he was obliged to call for all the goods before June 15, 1909. We think this is made very clear, and that the complaint states facts sufficient to constitute a cause of action.

2. Plaintiff's exhibits C and D are letters, and exhibit H is a [2] telegram, all sent by plaintiff to defendant. They were

properly admitted in evidence in support of plaintiff's allega-
tion that he had made repeated demands upon defendant to
deliver the balance of the goods in controversy.

3. That a sale was made by defendant to plaintiff on Novem-
ber 17, 1908, of one car of oats at $1.60 per hundred, six cars
at $1.65 per hundred, ten cars of alfalfa at $9.50 per ton, and
six cars of timothy at $13.50 per ton, is settled by the admis-
sions in the pleadings. The only questions in dispute are as to
the terms of payment, the place of delivery, the final date of
delivery, and the party who had the right to fix the time of
delivery within the limits of the term of the contract. All these
disputed questions were determined in favor of the plaintiff by
the general verdict of the jury.

4. Error is predicated upon the action of the trial court in
permitting plaintiff to amend his complaint, and in refusing
defendant a new trial. The authority of the trial court to per-
mit a pleading to be amended so that it will correspond to the
proof is recognized by statute (sec. 6589, Rev. Codes). But the
argument is advanced that in this particular instance the amend-
ment changed the issues and placed the defendant at a disad-
vantage in that it was not prepared to meet the proof admissible
under the complaint as amended, and for this reason the amend-
ment should not have been allowed. The application to amend
[3] was addressed to the sound discretion of the trial court,
and, in the absence of any abuse of such discretion, the action
of the trial court will be approved on appeal. (*Dorais* v. *Doll,*
33 Mont. 314, 83 Pac. 885; *Christiansen* v. *Aldrich,* 30 Mont. 446,
76 Pac. 1007; *Montana Ore Pur. Co.* v. *Boston & Mont. etc. Co.,*
27 Mont. 288, 70 Pac. 1114.)

By the pleadings themselves it is determined that defendant
delivered to plaintiff, and plaintiff received and accepted, two
cars of oats and five cars of hay. In the complaint it was stated
that these deliveries were made in December, 1908. Upon the
trial plaintiff testified that the last of these deliveries was made
in March, 1909, whereupon his counsel moved the court to per-
mit the complaint to be amended by substituting "March,

1909," for "December, 1908," and the record then discloses the
following: "By Mr. Noyes, Counsel for Defendant: Object to
the pleading being so amended at this time after the evidence
has been discussed in the manner it has. By the Court: Make
the amendment. (Exception to the court allowing the amend-
ment.)" There was not any application by defendant for a
[4] continuance, no suggestion to the court that defendant was
not fully prepared to meet the proof under the amended plead-
ing, not even a suggestion that defendant was taken by surprise;
indeed, defendant did not even take the trouble to amend its
answer to meet this new allegation or ask for time to do so or
to secure evidence or to make an investigation, but proceeded
with the trial without further complaint or objection. It is not
difficult to appreciate the fact that the amendment was a mate-
rial one, and, if counsel for defendant had requested a postpone-
ment or the imposition of other terms, doubtless their request
would have been granted; but, in the absence of any suggestion
that their client was put to a disadvantage, they cannot assert
now that the trial court abused its discretion in permitting the
amendment to be made.

The motion for a new trial on the ground of newly discovered
evidence was supported by the affidavit of L. F. Russell, secre-
tary and manager of the defendant company. After stating the
[5] issues, the affidavit refers to the action of the court in allow-
ing the amendment to the complaint, and alleges that defendant
had not made any preparation to meet the issues as thus changed,
but that since the trial it has discovered evidence which tends
to prove that the two cars of oats and five cars of hay were in
fact delivered to plaintiff in December, 1908. The character of
this newly discovered evidence is described, and, with respect to
some of it, it is asserted that such evidence can be produced if
a new trial should be granted. It is alleged that the reason
defendant did not ask for a continuance at the time the
amendment was made was that it did not know of the exist-
ence of this evidence which has since been discovered. The affi-
davit refers to certain records in the office of the Northern

Pacific Railway Company at Custer, Montana, which records, it is asserted, disclose that plaintiff receipted for the two cars of oats and five cars of hay in December, 1908. Affiant asserts that he has personally examined the records, and has in his possession copies of some of them, but he fails to attach copies to his affidavit or give any reason for his failure to do so. The affiant further asserts that defendant can prove certain facts by one Gowan, the Northern Pacific agent at Custer, and certain other facts by one Goodwin, who was in defendant's employ at Custer during December, 1908, but there is not any affidavit by either of these witnesses, and there is not any excuse offered for the failure in this respect as to the witness Gowan. From the affidavit it appears that Goodwin is somewhere in the state of Washington, beyond the reach of process issued from a court of this state; and it is not made to appear that there is any probability that his testimony can be secured for another trial if a new trial should be had. In fact, it does not appear from the affidavit that Gowan and Goodwin were not present at the trial of this case, or that their evidence was not procurable at that time (*State* v. *Wakely,* 43 Mont. 427, 117 Pac. 95) ; while the facts disclosed are such as to indicate that the defendant knew at the time of the trial, or ought to have known, that Gowan and Goodwin were then in possession of every fact which it is now asserted they know.

A supplemental affidavit has been offered in this court, but it cannot be considered. In appeal cases this court sits as a court of review, and we are bound by the record as it was made in the court below. Viewed in the most favorable light, the affidavit upon motion for new trial contains nothing but hearsay, and that, too, without explanation. In *Elliott* v. *Martin,* 27 Mont. 519, 71 Pac. 756, this court, considering a like question, said: "The court did not err in its discretion in refusing to grant a new trial on the affidavit of plaintiff J. A. Elliott as to newly discovered evidence, for one reason, at least; that is, that Elliott neither offered any affidavits of the witnesses by whom he expected to prove the matters referred to in his affidavit, nor did

he offer any excuse as to why he did not submit the same.'' In *State* v. *Matkins, ante*, p. 58, 121 Pac. 881, we had occasion to consider at length an application for a new trial on the ground of newly discovered evidence. For a full discussion of the subject a reference to the opinion in that case will suffice.

Upon consideration of the record before us, we are led to repeat the language of this court in *Landeau* v. *Frazier*, 30 Mont. 267, 76 Pac. 290, approved in *Orton* v. *Bender*, 43 Mont. [6] 263, 115 Pac. 406, as peculiarly applicable in this instance: ''In most respects this new evidence would be merely cumulative and of an impeaching nature. As the granting or refusing of a new trial upon the ground of surprise or newly discovered evidence rests largely in the discretion of the trial court, and as the record does not disclose any abuse of discretion in this instance, the ruling of the court below will not be disturbed.''

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.