MONGIL, PETITIONER, *v.* CASTRO, DISTRICT JUDGE, RESPONDENT.

## PETITION for a Writ of *Certiorari.*

No. 100.—Decided June 6, 1913.

DEMURRER—VERBAL DEMURRER—RECONSIDERATION.—When a party whose demurrer to a complaint has been overruled wishes to raise the same question again he should file a motion to reconsider the ruling on the demurrer .and not wait until the trial to enter said demurrer again verbally, for such practice has no authority in law.

VERBAL DEMURRER—CERTIORARI—AMENDMENT OF COMPLAINT—ANNULMENT OF TRIAL—PRESUMPTION.—When after .the introduction of all the evidence the court sustains a demurrer pleaded verbally at the opening of the trial and grants the appellant leave to amend his complaint and the prejudiced party thereupon in a petition for *certiorari* assails said ruling as implying an annulment of the trial, the presumption, in case of doubt, is that it was not the intention of the trial court to annul the trial but to allow an amendment so that the complaint would conform to the evidence.

AMENDMENT OF COMPLAINT—VARIANCE—DEFECT—DISCRETION.—When after a trial there is a variance between the complaint and the evidence or when the complaint defectively states a cause of action, the court has the discretion to permit an amendment so that the complaint may conform to the evidence and such ruling will not be disturbed unless an abuse of discretion is shown.

ID.—DISCRETION.—After a case has been submitted to the court for final decision an amendment is still within the discretion of the court in the interest of justice and only an abuse of said discretion will cause a reversal.

ID.—NEW TRIAL—DISCRETION.—It is not an abuse of discretion to allow an amendment to the complaint even after the evidence is all in and although such ruling may be equivalent to the granting of a new trial.

ID.—COSTS—REOPENING OF TRIAL.—The only penalty which the courts inflict upon a party moving for an amendment is the imposition of costs or the reopening of the trial.

ID.—DEMURRER—VERBAL DEMURRER.—When the defendant's demurrer to the complaint is overruled and later at the beginning of the trial he pleads the demurrer orally and the court is satisfied that the cause of action was not

well pleaded, it would be unfair to the plaintiff to refuse leave to amend the complaint after the introduction of the evidence especially when there are elements of evidence which sustain said amendment.

CERTIORARI—AMENDMENTS—APPEAL.—Generally questions of amendment of pleadings should not be raised by *certiorari* proceedings when they may be reviewed on appeal from the judgment.

The facts are stated in the opinion.

*Messrs. J. A. Poventud* and *Felipe Casalduc* for petitioner.

*Mr. M. M. Sama de Atero* for Luisa de la Fuente de Saldamando, intervenor.

Judge Antonio F. Castro filed a brief in his own behalf.

MR. JUSTICE WOLF delivered the opinion of the court.

In pursuance of an application for a writ of *certiorari* the petitioner, who was defendant in the court below, alleged that the complainant, Doña Luisa Saldamando, assisted by her husband, Roque Saldamando y Torres, brought a suit against the petitioner; that the original complaint was not sworn and was amended on November 20, 1912, and therein the complainant demanded of the defendant the sum of twenty-five thousand dollars ($25,000) for the supposed publication of a libellous writing; that thereafter on November 30, 1912, the defendant filed a general demurrer to the complaint on the ground that said complaint did not state a cause of action and that the court overruled the demurrer; that then the defendant answered and the cause came on for trial; that when the case was reached for trial the defendant again raised the question that the complaint did not state a cause of action; that after the trial was had and the proof of both parties submitted to the consideration of the court with briefs on both sides the District Court of Ponce, instead of making a final decision on the proofs and the merits and ignoring the proof had at the trial, sustained the demurrer previously overruled that the complaint did not state a cause of action, and of its own motion allowed the complainant five days in which to amend her complaint without previous notice to the defendant; that on the same day the said complainant presented her third and new amended complaint, which was

sworn to, thus changing the nature of the pleadings by reason of the new issues that the parties were compelled to raise and varying the obligations of the defendant with respect to her answer as the original complaint was unsworn.

The petitioner alleges that by reason of these facts the defendant would be compelled to answer within 10 days from the time of the service of the new amended complaint upon her and to have a new trial which would in effect annul the previous trial had before the court and so cause a new trial without there being any final decision on the part of the court and without any of the reasons for such new trial set forth in section 221 of the Code of Civil Procedure; that by so proceeding the said court acted without jurisdiction and exceeded its powers in violation of sections 136, 138, 139, 140, 220, and 221 of the Code of Civil Procedure, and that the defendant is without other adequate, speedy, and effective remedy in law and so brings the petition for *certiorari.*

It is to be noticed that the demurrer to the effect that the complaint did not state a cause of action was again raised by the defendant at the opening of the trial so that the court's attention was again drawn to the alleged defect in the complaint. It should also be noticed that the petition does not disclose the exact nature of the amended complaint to which the demurrer was interposed originally nor the subsequent amended complaint filed after the decision of the court complained of by the petitioner. It should also be observed that the petitioner was relying upon an alleged lack of jurisdiction in the court below and upon a violation of certain sections of the Code of Civil Procedure, and not on any alleged abuse of discretion. In regard to the jurisdiction of the court the petitioner has failed to show in what way the court lacked such jurisdiction. The parties were before it and the subject-matter was entirely within its cognizance.

It was very doubtful if the writ should have issued, because there was no infraction of any legal proceeding shown nor was any abuse of discretion in the court below

alleged, but as the action of the court in sustaining the demurrer and granting leave to amend created an extraordinary situation this court exercised its discretion to issue the writ.

The Judge of the District Court of Ponce made a return, and at the hearing the complainant in the court below asked leave to intervene and permission was granted.

Reviewing the whole proceedings we find that defendant demurred to the complaint and that the demurrer was overruled. The defendant then answered and the case was called for trial. Thereupon the defendant again, and this time verbally, insisted on his demurrer just as if the demurrer to the complaint had not been overruled. This practice of presenting a verbal demurrer at the opening of a trial on an issue of fact has no authority in law. The demurrer in this case had been disposed of and there was no question of law before the court. If the defendant had wished to raise such question of law, he should have filed a motion to reconsider the ruling on the demurrer. In the case of *Olivieri et al.* v. *McK. Jones,* 17 P. R. R., 1115, Mr. Justice MacLeary in a concurring opinion treats the same question. For the very reason shown in the concurring opinion that we were bound to disregard any error that did not affect the merits we did not consider it necessary to discuss the sufficiency of a verbal demurrer, such question not being then raised by the parties. Nevertheless, we are entirely in accord with the views expressed in regard to verbal demurrers set forth in such concurring opinion. After the submission of the proof or at any time when the defendant is asking for judgment would be a proper time to present to the court the insufficiency of the complaint.

Nevertheless, the defendant insisted upon her demurrer and the court deferred the consideration of the question. The defendant through her counsel presented a new line of authorities to the court with respect to the sufficiency of the allegation of the publication of the alleged libel; and the

court, after all the proof was submitted on both sides, found that the complaint was defective in not alleging that the person into whose hand the letter came knew that such letter referred to the complainant. After a consideration of the case the court rendered an opinion and entered an order whereby it sustained the general demurrer to the complaint and granted the complainant five days' leave to amend her complaint.

In his return to the writ of *certiorari* the judge of the district court maintains that what he did was merely to sustain a demurrer without indicating whether he was permitting the amendment to conform to the proof or to reopen the case for new pleadings.

The record shows a formal order bearing date March 3, 1913, signed by the secretary sustaining the demurrer and the authorities cited by the court in its opinion rendered on the same day would throw some doubt on whether the action of the court, as a demurrer generally precedes a trial, was not in effect an annulment of the trial. As, however, the proof was entirely in the possession of the court and the latter could have reopened the demurrer to make the proper order permitting an amendment to conform to the proof, and as the case was entirely under his control, we think the answer of the court is entitled to weight. The order of March 3, 1913, moreover, does not appear to be signed by the judge and the subsequent *resolución* of the court bearing date March 14, 1913, seems to indicate that its action was to leave itself free to render judgment on the merits or dismiss the case. As no court after the case is submitted would want to annul a trial if the proof justified an amendment (about the sufficiency of such proof we express no opinion), the presumption, in case of doubt, must be against such annulment.

When after a trial there is a variance, as petitioner concedes, or when the complaint defectively states a cause of action, the court has a discretion to permit an amendment to conform to the proof. This follows from a reasonable con-

struction of Chapter VIII of the Code of Civil Procedure and especially sections 140 and 142 of said code. The cases from the States having similar statutes generally support the view. *Lee* v. *Murphy,* 119 Cal., 364; 51 Pac., 549; *Milwaukee Mechanics' Ins. Co.* v. *Schallman,* 183 Ill., 213; 59 N. E., 12; *Knefel* v. *Flanner,* 166 Ill., 147; 46 N. E., 762; *Raymond* v. *Wathen,* 142 Ind., 367; 41 N. E., 815; *Gerdtzen* v. *Cockrell,* 52 Minn., 501; 55 N. W., 58; *Ankeny* v. *Clark,* 1 Wash., 548; 20 Pac., 583; 31 Cyc., p. 393, par. 10 and notes. The cases, however, maintain that such an amendment is within the sound discretion of the court and its action will not be disturbed unless an abuse is shown. But the cases go further and say that even when the case is submitted to the court for its decision on the merits, an amendment is still within the discretion of the court in the interests of justice and only an abuse thereof will cause a reversal. *Lee* v. *Murphy,* 119 Cal., 364; *Bridge Co.* v. *McLane,* 8 Tex. Civ. App., 666; *Yordi* v. *Yordi,* 6 Cal. App. Rep., 34; *Valencia* v. *Conch,* 91 A. D., 593; *Bucklen* v. *Cushman,* 145 Ind., 53; *Kamm* v. *Bank of California,* 74 Cal., 191; *Hedstrom* v. *Union Trust Co.,* 7 Cal., App. Rep., 283; *Bradley,* v. *Parker,* 34 Pac., 235; *Davis* v. *Johnson,* 36 Pac., 887; *Porter* v. *Anderson,* 113 Pac., 349; *Guidery* v. *Green,* 95 Cal., 630; *Blumer* v. *Mayhew,* 119 Pac., 202; *Sandeen* v. *Russell Lumber Co.,* 122 Pac., 913; 67 L. R. A., 180, notes; 74 A. D., 143, notes.

Neither the diligence of counsel nor our own researches have revealed a single case wherein the action of a court allowing an amendment under such conditions has been reversed. Cases there are which show reversals where the action of the court in permitting an amendment has been a surprise to the party against whom the amendment has been allowed, and there are numerous cases in which it has been held to be error or an abuse of discretion to refuse an amendment, but we have found no recorded case in which the allowance of an amendment has been held to be an abuse of discretion, even though made after the proof was all sub-

mitted or that the effect of the amendment was to award a new trial.. Counsel insists that the case of Lee v. Murphy, supra, cited by the court below to· justify its right to amend, does not support the view contended for by respondent, but we think it does. Mr. Justice Chipman says:

"Considerable space is given in the record and in briefs of counsel as to the alleged error of the court in allowing plaintiff to amend her complaint after having gone to trial and submitted the case for decision. One of the amendments allowed was to the effect that the money loaned to Murphy was the purchase money paid for the land mortgaged. Defendant moved to strike this amended complaint from the files and to vacate and set aside the order granting plaintiff leave to amend, which motion was denied and defendant excepted. The power given under section 473 of the Code of Civil Procedure to allow amendments in the interest of justice is uniformly held to be within the discretion of the trial court, and it has been frequently held that this court will not disturb the action of the trial court, except where an abuse of that discretion is shown. It is unusual to find it necessary to amend the complaint after a case has been submitted, but I find no limitation as to the time before judgment entered when the power of the court ceases, and even after judgment it may be exercised for the relief of a party where the judgment results from mistake, inadvertence, surprise, or excusable neglect." Lee v. Murphy, 119 Cal., 366.

It is true that in that case the court might have gone on to an immediate decision on the merits, but if the amendment had been an important one or if the act had occasioned any surprise to the defendant, the court could have continued the case or permitted the defendant further time to present new evidence. The only penalty that the courts inflict upon a party moving for an amendment is the imposition of costs or the reopening of the trial. Guidery v. Green, 95 Cal., 630; Sandeen v. Russell Lumber Co., 122 Pac., 913; Riverside Land & Irrigation Co. v. Jensen, 73 Cal., 550; 15 Pac., 131. The case of Lee v. Murphy was cited with approval in the case of Yordi v. Yordi, 6 Cal. App., 34, wherein the District Court of Appeals of the Third Appellate District of California says

"that while it is unusual to find it necessary to amend the complaint after a case has been submitted, there is, under the power given by section 473 of the Code of Civil Procedure, no limitation as to the time before judgment entered when the power of the court ceases. It was also there said that this power to allow amendments in the interest of justice is uniformly held to be within the discretion of the trial court."

Petitioner lays great stress upon the fact that subsequent to the order of the court permitting the amendment the complainant filed a new complaint which was sworn to. We do not quite see why inserting a sworn complaint would work any hardship upon the defendant; indeed, it would seem that a sworn complaint is a safeguard to a defendant. However that may be, the defendant filed a motion to strike out the oath to this amended complaint and the court has taken no action thereon. Hence it is a little premature to allege hardship or prejudice, and if we understand the court aright, no further pleading on the part of the defendant will be necessary.

Under no circumstances can we see that the defendant was really put at a disadvantage by the action of the court. The defendant presented a demurrer and the court first overruled the same, thus inducing the complainant to believe that she had a good cause of action. Hence, when the court became convinced that the good cause of action was not so stated it would have been unfair to the complainant not to permit her to amend, especially if the court thought that there was proof tending to supply the missing element. A similar case arose in Texas where the court was asked to render judgment for the appellant and the court said:

"* * * This we should do were it not for the fact that the erroneous ruling of the court below in overruling the exception of defendant in error, plaintiff below, to the cross-bill of plaintiff in error asking for condemnation of the property, might have prevented the plaintiff in error from amending its pleadings, which it might have done if

the court had sustained the exception, for the purpose of showing the improvements were made on the property in good faith and recovering their value.

"We think that it would be inequitable to deprive the plaintiff in error of a right, which the record indicates it may have, through an erroneous ruling of the court, though apparently in its favor. *Lockwood* v. *Brownson*, 53 Texas, 526. If we should render judgment here in favor of defendant in error for the land in controversy, it would carry with it the right to the improvements of which the plaintiff might have pleaded and recovered the value, which it was doubtless induced by the erroneous ruling of the court to deem unnecessary." *International Bridge and Tramway Company* v. *McLane*, 8 Texas Civil Appeals, 668. To the same effect is the case of *Carpentier* v. *Small*, 35 Cal., 362, 363.

Finally, we think that questions of this kind should not generally be presented by application for *certiorari*, because any real abuse of process can be reached when the final judgment is rendered. See in this regard *Ex parte* Fuentes, 12 P. R. R., 218. As the case is to go back for further proceedings, we desire to draw attention to the fact that there is a difference between the English and the Spanish texts of the libel law in regard to publication.

The writ must be quashed and the record returned to the District Court of Ponce for further proceedings.

> *Petition dismissed and writ of certiorari quashed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.