## Mongil, Peticionaria, v. Castro, Juez de Distrito, Demandado.

## Solicitud para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Ponce.

No. 100.—Resuelto en junio 6, 1913.

Excepciones Previas—Alegación Verbal—Reconsideración.—Cuando se declara sin lugar la excepción previa a una demanda, si la parte perjudicada desea plantear de nuevo la misma cuestión, debe pedir la reconsideración de la resolución declarando sin lugar la excepción previa y no esperar hasta el momento de comenzar la vista del caso, para entonces alegar de nuevo verbalmente dicha excepción previa, pues no hay precepto legal alguno que autorice a una parte a hacer tal alegación verbal.

Id.—Vista—Enmienda de la Demanda para Adaptarla a la Prueba—Anulación del Juicio—Presunción.—Cuando una corte después de presentada toda la prueba, declara con lugar una excepción previa alegada oralmente al comienzo de la vista y concede permiso al apelante para enmendar su demanda, y la parte perjudicada impugna por medio de un *certiorari* ·dicha resolución por implicar la anulación del juicio, la presunción, en caso de duda, es que no fué la intención de la corte sentenciadora anular el juicio, sino conceder una enmienda para conformar las alegaciones de la demanda con la prueba.

Enmiendas—Incongruencia—Discreción.—Cuando después del juicio existe incongruencia entre las alegaciones y la prueba, o la demanda defectuosamente expone una causa de acción, la corte tiene la facultad discrecional de permitir una enmienda para adaptar las alegaciones a la prueba, y tal resolución no será revocada a menos que exista abuso de discreción.

Id.—Poder de la Corte para Permitir Enmiendas Después de Sometido el Caso—Discreción Judicial.—Después de sometido un caso a la corte para su resolución definitiva, puede dicho tribunal en el ejercicio de su facultad discrecional y en bien de la justicia, permitir una enmienda a las alegaciones y ésta únicamente será revocada cuando exista abuso de dicha discreción.

Id.—Discreción Judicial.—No constituye abuso de discreción el permitir enmendar las alegaciones aun después de presentada toda la prueba, y aun cuando el autorizarla produzca el efecto de conceder un nuevo juicio.

Id.—Condiciones.—La única condición que las cortes imponen a la parte que pide una enmienda es el pago de las costas ocasionadas o la reapertura del juicio.

Id.—Excepción Previa Alegada en el Acto del Juicio—Enmiendas.—Cuando el demandado interpone excepción previa a la demanda, la cual se desestima, y posteriormente en el acto del juicio la reproduce verbalmente y la corte se convence de que la causa de acción no estaba bien alegada, constituiría una injusticia para el demandante el no permitirle enmendar la demanda después de presentada la prueba, sobre todo cuando hay elementos probatorios que sostengan dicha enmienda.

CERTIORARI—ENMIENDAS—APELACIÓN CONTRA LA SENTENCIA.—Generalmente no debe recurrirse al *certiorari* para discutir cuestiones de enmiendas a las alegaciones cuando pueden ser objeto de revisión en la apelación contra la sentencia.

Los hechos están expresados en la opinión.

Abogados de la peticionaria: *Sres. José A. Poventud* y *Felipe Casalduc.*

Abogado de la parte interventora Luisa de la Fuente de Saldamando: *Sr. M. M. Sama de Atero.*

El Juez de Distrito Sr. Antonio F. Castro compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

De conformidad con una solicitud interesando la expedición de un auto de *certiorari,* la peticionaria, que fué la demandada en la corte inferior, alegó que la demandante Doña Luisa Saldamando, asistida de su esposo Roque Saldamando y Torres, presentó una demanda contra dicha peticionaria; que la demanda original no estaba jurada y fué enmendada en veinte de noviembre de 1912, reclamando en ella la demandante de la demandada, la suma de veinte y cinco mil ($25,000) dólares por la supuesta publicación de un escrito libeloso; que posteriormente y en 30 de noviembre de 1912, la demandada formuló una excepción previa general a la demanda, por el fundamento de que la misma no aducía hechos suficientes para determinar una causa de acción, cuya excepción fué desestimada por la corte; que entonces la demandada presentó su contestación, y se señaló la vista del caso; que al empezar el juicio la demandada promovió nuevamente la cuestión de que la demanda no aducía hechos suficientes para constituir una causa de acción; que celebrado el juicio y practicadas las pruebas de ambas partes que fueron sometidas a la consideración de la corte con los alegatos de las mismas, la corte de Districto de Ponce en vez de resolver definitivamente el caso fundado en las pruebas y en los méritos del mismo, e ignorando la prueba practicada en el juicio, declaró con lugar la excepción previa general que antes había desestimado, de que la demanda no aducía hechos suficientes para constituir

una causa de acción, y de *motu propio* concedió a la deman-
dante cinco días para enmendar su demanda, sin prèvia noti-
ficación a la demandada; que el mismo día la referida deman-
dante presentó su tercera y nueva demanda enmendada, que
estaba jurada, cambiando así la naturaleza de las alegaciones
por razón de las nuevas cuestiones que las partes se vieron
obligadas a plantear, y variando las obligaciones de la deman-
dada en cuanto a su contestación, pues la demanda original
no estaba jurada.

Alega la peticionaria que debido a estos hechos la deman-
dada vendría obligada a contestar dentro del término de diez
días a partir de la fecha en que se le hizo el servicio de la
copia de la nueva demanda enmendada, con nueva vista del
caso, lo que en efecto anularía el juicio anterior celebrado
ante la corte inferior y traería como inevitable consecuencia
la concesión de un nuevo juicio, sin que se haya dictado
resolución final por la corte, y sin existir ninguno de los mo-
tivos para la concesión de nuevo juicio señalados en el artí-
culo 221 del Código de Enjuiciamiento Civil; que al proce-
der así dicha corte actuó sin jurisdicción, excediéndose en sus
facultades y con infracción de los artículos 136, 138, 139, 140,
220 y 221 del Código de Enjuiciamiento Civil; y que la deman-
dada carece de todo otro remedio o recurso adecuado, rápido
y eficaz en ley, por lo que presenta esta solicitud de *certiorari*.

Debe notarse que la excepción previa de que la demanda
no expresaba hechos suficientes para determinar una causa
de acción fué nuevamente propuesta por la demandada al
empezar el juicio, de modo que se llamó otro vez la atención
de la corte al supuesto error contenido en la demanda. Debe
también tenerse en cuenta que la solicitud no revela la natu-
raleza precisa de la demanda enmendada contra la cual se
interpuso la excepción previa originalmente, así como tam-
poco de la demanda enmendada subsiguiente que fué presen-
tada después de dictada la resolución que ha sido impugnada
por la peticionaria. Se observará además que la peticionaria
se fundaba en la supuesta falta de jurisdicción de la corte

inferior y en la infracción de ciertos artículos del Código de Enjuiciamiento Civil, y no en que se haya cometido ningún abuso de discreción. Con respecto a la jurisdicción de la corte, la peticionaria no ha demostrado en qué sentido carecía dicha corte de jurisdicción. Las partes comparecieron ante ella y la materia objeto de la acción era del completo conocimiento de la misma.

Era muy dudoso si debió haberse expedido el auto, pues no se demostró que hubiera habido infracción de ningún procedimiento legal, ni se alegó tampoco que la corte hubiera cometido abuso de discreción, pero habiendo dicha corte creado una situación extraordinaria al declarar con lugar la excepción previa y conceder permiso para hacer enmiendas, este tribunal ejercitó su discreción para expedir el auto.

El juez de la Corte de Distrito de Ponce formuló su contestación, y en el acto de la vista la demandante ante la corte inferior, presentó una moción para intervenir en dicho acto, que le fué concedida.

Examinando todo el procedimiento encontramos que la demandada formuló excepción previa a la demanda y que dicha excepción fué desestimada. La demandada presentó entonces su contestación y el caso fué llamado para juicio. Volvió entonces la demandada a insistir en su excepción previa haciéndolo esta vez oralmente, como si la excepción previa propuesta a la demanda no hubiera sido declarada sin lugar. Esta práctica de proponer una excepción previa oralmente al comenzar un juicio, sobre una cuestión de hecho, no está sostenida por la ley. La excepción previa en este caso había sido resuelta y por tanto ninguna cuestión legal estaba sometida a la consideración de la corte. Si la demandada hubiera querido promover tal cuestión legal debió haber presentado una moción sobre reconsideración de la resolución de la corte acerca de la excepción previa. En el caso de *Olivieri et al.* v. *Mck. Jones,* 17 D. P. R., 1159, el Juez Asociado Sr. Mac-Leary trata de la misma cuestión en su opinión concurrente. Por la misma razón expresada en la opinión concurrente de

que estábamos obligados a hacer caso omiso con respecto a cualquier error que no afectara a los méritos del caso, no consideramos que fuera necesario discutir la suficiencia de una excepción previa oral cuya cuestión no había sido planteada entonces por las partes.  Esto no obstante, estamos enteramente de acuerdo con las razones expresadas en dicha opinión concurrente acerca de las excepciones previas que se formulen oralmente.  Después de la presentación de la prueba o en cualquier otro momento en que el demandado solicita sentencia, podría propiamente alegarse ante la corte la insuficiencia de la demanda.

Sin embargo, la demandada insistió en su excepción previa y la corte aplazó la consideración de esta cuestión.  El demandado por medio de su abogado presentó una nueva serie de autoridades a la·corte con respecto a la suficiencia de la alegación de la publicación del supuesto libelo; y la corte, después de haber oído toda la prueba presentada por ambas partes, resolvió que la demanda era defectuosa por no alegarse en ella que la persona en cuyo poder se encontraba la carta tenía conocimiento de que la misma hacía referencia a la demandante.  Después de considerar el caso, la·corte emitió una opinión y ordenó que se registrara una orden en la que declaró con lugar la excepción previa general formulada a la demanda, concediendo a la demandante cinco días para enmendar su demanda.

El juez de la corte de distrito al contestar el auto de *certiorari* alega, que en su resolución meramente declara con lugar una excepción previa, sin indicar si permitía por ello que la enmienda se ajustara a la prueba o se abriera nuevamente el caso para que se hicieran nuevas alegaciones.

Aparece en los autos·una orden en forma ordinaria de fecha 3 de marzo de 1913, firmada por el secretario, en la que se declara con lugar la excepción previa, y las autoridades que han sido citadas por la corte en su opinión emitida en el mismo día ofrecen alguna duda con respecto a si la acción tomada por la corte, pues la excepción previa generalmente

precede al juicio, no produjo en efecto la nulidad de dicho juicio. Pero como la corte sin embargo estaba en posesión de toda la prueba y pudo haber reconsiderado la excepción previa con el fin de dictar la orden que fuera procedente, permitiendo la presentación de una enmienda para conformarla a la prueba, y estando el caso enteramente bajo su gobierno, entendemos que la contestación de la corte debe ser tomada en consideración. Además, no aparece que la orden de marzo 3, 1913, haya sido firmada por el juez y la subsiguiente resolución de la corte de fecha marzo 14, 1913, parece indicar que la corte procedió así para estar en condiciones de poder dictar sentencia sobre los méritos o desestimar el caso. Como ninguna corte después que se le somete un caso a su consideración anularía el juicio si la prueba, con respecto a cuya suficiencia no emitimos opinión alguna, justificara la presentación de una enmienda, la presunción en casos de duda debe estar en contra de dicha anulación.

Cuando después de un juicio existe alguna incongruencia como admite la peticionaria o si en la demanda se alega defectuosamente una causa de acción, la corte tiene discreción para permitir que se haga una enmienda con el fin de ajustarla a la prueba. Esto resulta así si se interpreta debidamente el capítulo 8º. del Código de Enjuiciamiento Civil y especialmente los artículos 140 y 142 de dicho código. Los casos de los Estados que tienen semejantes estatutos, por lo general sostienen esta teoría. *Lee* v. *Murphy,* 119 Cal., 364; 51 Pac., 549; *Milwaukee Mechanics' Ins. Co.* v. *Schallman,* 188 Ill., 213; 59 N. E., 12; *Knefel* v. *Flanner,* 166 Ill., 147; 46 N. E., 762; *Raymond* v. *Wathen,* 142 Ind., 367; 41 N. E., 815; *Gerdtzen* v. *Cockrell,* 52 Minn., 501; 55 N. W., 58; *Ankeny* v. *Clark,* 1 Wash., 548; 20 Pac., 583; 31 Cyc., p. 393, pár. 10 y notas. En estos casos, sin embargo, se alega que la concesión de dicha enmienda está dentro de la sana discreción de la corte y la resolución que adopte la misma en cuanto a este particular no será modificada, a menos que se demuestre que ha abusado de ella. Pero en estos casos se llega hasta a sos-

tener que aun cuando el caso se haya sometido a la corte para resolverlo sobre sus méritos, todavía conserva dicha corte su facultad discrecional para conceder una enmienda en bien de la justicia y solamente se revocará su resolución si hubiere la corte abusado de su discreción. *Lee* v. *Murphy,* 119 Cal., 364; *Bridge Co.* v. *McLane,* 8 Tex. Civ. App., 666; *Yordi* v. *Yordi,* 6 Cal. App. Rep., 34; *Valencia* v. *Conch,* 91 A. D., 593; *Bucklen* v. *Cushman,* 145 Ind., 53; *Kamm* v. *Bank of California,* 74 Cal., 191; *Hedstrom* v. *Union Trust Co.,* 7 Cal. App. Rep., 283; *Bradley* v. *Parker,* 34 Pac., 235; *Davis* v. *Johnson,* 36 Pac., 887; *Porter* v. *Anderson,* 113 Pac., 349; *Guidery* v. *Green,* 95 Cal., 630; *Blumer* v. *Mayhew,* 119 Pac., 202; *Sandeen* v. *Russell Lumber Co.,* 122 Pac., 913; 67 L. R. A., 180, notas; 74 A. D., 143, notas.

Ni el abogado con su laboriosidad ni este tribunal con sus investigaciones han podido encontrar un sólo caso en el que se haya revocado la acción tomada por la corte al permitir que se hiciera dicha enmienda en tales condiciones. Existen casos en donde se han hecho revocaciones cuando la acción de la corte al conceder la enmienda ha sido una sorpresa para la parte contra quien se permite que se haga la enmienda, y hay numerosos casos en los cuales se ha resuelto que constituye error o abuso de discreción el denegar dicha enmienda, pero no hemos podido encontrar ningún caso registrado en el que se haya declarado que la concesión de una enmienda es un abuso de discreción, aun cuando se haga después que toda la prueba haya sido presentada o que el defecto de la enmienda fuera la concesión de un nuevo juicio. El abogado insiste en que el caso de *Lee* v. *Murphy, supra,* y que ha sido citado por la corte inferior para justificar el derecho a enmendar, no sostiene el criterio sustentado por la apelada, pero creemos que sí lo sostiene. El Juez Sr. Chipman se expresa como sigue:

"Con gran amplitud se ha considerado en los autos y en el alegato del abogado el supuesto error cometido por la corte al permitir al

demandante que enmendara su demanda después de haber comparecido al juicio y estar sometido el caso para su resolución. Una de las enmiendas permitidas expresaba que el dinero prestado por Murphy era el precio de la venta pagado por la finca hipotecada. El demandado presentó una moción para eliminar esta demanda enmendada incluída en el expediente y para que se anulase y decretase la invalidez de la resolución concediendo permiso al demandante para hacer enmiendas, cuya moción fué denegada y contra la cual el demandado tomó entonces excepción. La facultad conferida de acuerdo con el artículo 473 del Código de Enjuiciamiento Civil para permitir enmiendas en bien de la justicia se ha resuelto uniformemente que pertenece a la sana discreción del tribunal sentenciador, y se ha declarado frecuentemente que esta corte no modificará la acción de la corte sentenciadora, a menos que se demuestre que la misma ha cometido abuso de dicha discreción. No es una práctica corriente el considerar necesario que la demanda se enmiende después que el caso ha sido sometido, pero no encuentro sin embargo ninguna limitación en cuanto al tiempo con anterioridad a la fecha en que se dicte la sentencia en que ha de cesar la facultad de la corte, y aun después de dictada la sentencia puede la corte ejercitar su facultad en beneficio de una parte si ha sido dictada debido a equivocación, inadvertencia, sorpresa, o negligencia excusable.''

Es cierto que en ese caso la corte hubiera podido proceder a dictar inmediatamente una resolución sobre los méritos del caso, pero si la enmienda hubiera sido importante o si el acto había causado alguna sorpresa a la demandada, la corte pudo haber suspendido el caso o permitido a la demandada una prórroga de tiempo para presentar nuevas pruebas. El único castigo que las cortes imponen a una parte que solicita una enmienda, es el pago de las costas o la apertura nuevamente del juicio. *Guidery* v. *Green,* 95 Cal., 630; *Sandeen* v. *Russell Lumber Co.,* 122 Pac., 913; *Riverside Land & Irrigation Co.* v. *Jensen,* 73 Cal., 550; 15 Pac., 131. El caso de *Lee* v. *Murphy* fué citado con aprobación en el de *Yordy* v. *Yordy,* 6 Cal. App. Rep., 34, en el cual la corte de distrito de apelaciones del Tercer Distrito de Apelación de California, expresa ''que aunque no es práctica corriente exigir que se enmiende la demanda después que un caso ha sido sometido, no existe,

sin embargo, limitación alguna de acuerdo con el artículo 473 del Código de Enjuiciamiento Civil con respecto al momento antes de registrarse la sentencia de la corte, en que cesa la facultad de la misma. También se dijo en dicho caso, que esta facultad para permitir enmiendas en bien de la justicia, ha sido declarada uniformemente que pertenece a la discreción de la corte sentenciadora.''

La peticionaria ha dado gran importancia al hecho de que con posterioridad a la resolución de la corte permitiendo la enmienda, la demandante presentó una nueva demanda enmendada que juró. No vemos con entera claridad qué injusticia podría causársele a la demandada porque se presentara la demanda jurada; en verdad parece que una demanda jurada es una garantía para el demandado. Como quiera que sea esto, la demandada presentó una moción para eliminar el juramento a esta demanda enmendada y la corte no tomó acción alguna sobre ella. Por tanto es algo prematuro alegar injusticia o perjuicio, y si entendemos correctamente a la corte creemos que el demandado no tiene necesidad de formular ninguna otra alegación.

No vemos que en manera alguna resultara perjudicada en realidad la demandada por la resolución de la corte. La demandada formuló una excepción previa y la corte primeramente la desestimó, induciendo así a la demandante a creer que tenía una buena causa de acción. Por tanto, cuando la corte se convenció de que una buena causa de acción no había sido alegada, hubiera sido injusto que no se permitiera a la demandante enmendar su demanda, especialmente si la corte creyó que existía prueba tendente a suplir el elemento que faltaba. Un caso semejante surgió en Texas en el cual se solicitó de la corte que dictara sentencia a favor del apelante; se expresó la corte en dicho caso, como sigue:

''* * * Haríamos esto si no fuera por el hecho de que la resolución errónea de la corte inferior al desestimar la excepción formulada por el apelado, que es el demandante en la corte inferior, a la contrademanda del apelante solicitando la expropiación de la finca, hubiera

impedido que el apelante enmendara sus alegaciones, lo que pudo haber hecho si la corte hubiera declarado con lugar la excepción, para probar que las mejoras se hicieron en la finca de buena fe y recuperar el importe de las mismas.

''Creemos que no sería equitativo privar al apelante de un derecho que según los autos tiene, debido a una resolución errónea de la corte, aunque al parecer le sea favorable. *Lockwood* v. *Brownson*, 53 Tex., 526. Si dictásemos sentencia en este caso a favor del apelado con respecto a la finca en cuestión, dicha sentencia aparejaría también el derecho que tiene a las mejoras que podría alegar el demandante y recobrar el importe de las mismas, a lo que sería erróneamente inducido por la resolución errónea de la corte.'' *International Bridge and Tramway Co.* v. *McLane,* 8 Tex Civ. App., 668.

En igual sentido se expresa el caso de *Carpentier* v. *Small,* 35 Cal., 362, 363.

Por último, creemos que las cuestiones de esta naturaleza generalmente no deben presentarse por medio de una solicitud de *certiorari,* pues puede llegarse a considerar la cuestión de abuso en el procedimiento cuando la sentencia definitiva se dicte. Véase en cuanto a este particular el caso de *Ex parte Fuertes,* 12 D. P. R., 227. Como el caso ha de devolverse a la corte inferior para seguir conociendo del mismo, creemos conveniente llamar la atención al hecho de que existe una diferencia entre el texto inglés y el español de la ley de libelo con respecto a la publicación.

El auto debe anularse y devolverse el expediente a la Corte de Distrito de Ponce para ulteriores procedimientos.

> *Sin lugar la solicitud y anulado el mandamiento de* certiorari.

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.